UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00229-TBR

GARY WAYNE JEFFRIES, JR.                                          PLAINTIFF

v.

RICKY PARNELL, *et al.*                                           DEFENDANTS

**Memorandum Opinion**

This matter is before the Court upon Defendants' motion for summary judgment. [DN 29.] Plaintiff has not responded, and the time for filing a response has passed. *See* [DN 31.] This matter is now ripe for adjudication. For the following reasons, Defendants' motion [DN 29] is GRANTED.

**I. Facts and Procedural History**

This case arises from Plaintiff Gary Wayne Jeffries, Jr.'s *pro se* complaint against Defendants Ricky Parnell, Fulton County Jailer, and Daniel Thomas, a deputy at the Fulton County Detention Center (FCDC). *See* [DN 1.] Jeffries was transferred to FCDC in July 2013, and left FCDC in January 2015. [DN 30 at 18 (Jeffries Deposition); DN 7.] During his incarceration at FCDC, Jeffries was put in isolation on three occasions. His first stint in isolation was from December 27, 2013 to April 3, 2014, after jail officials alleged that Jeffries received mail with a Suboxone strip hidden behind the stamp. [DN 30 at 19.] Two months later, Jeffries was caught hoarding medication, and was sent to isolation for eighteen days, from June 2 to June 20. [*Id.* at 25.] Lastly, on November 19, Defendant Thomas discovered that Jeffries had received a new tattoo while he was incarcerated, a

1

violation of FCDC rules. [*Id.* at 26.] He was placed in isolation for twenty-nine days, until December 18, 2014. [*Id.*]

Shortly after his third stay in isolation, Jeffries filed the instant action. *See* [DN 1 (filed December 24, 2014).] In his complaint, Jeffries alleges that Defendants violated his Eighth Amendment right against cruel and unusual punishment by leaving the lights on twenty-four hours a day each time he was kept in isolation. [*Id.* at 4-5.] Defendants do not deny that FCDC keeps the lights on at all times in its isolation cells. *See* [DN 29-3 at 1; DN 29-4 at 1.] Rather, they state that Kentucky jail regulations require FCDC officials to conduct surveillance checks on all inmates at least every hour. [*Id.*] Because "isolation cells typically house inmates who are subject to frequent observation . . . . Jail staff must be able to see clearly into the isolation cells at all times." [*Id.*]

FCDC has in place a "written inmate grievance procedure." [DN 29-11 at 1.] That policy states, "Any inmate shall be allowed to file a grievance at such time as the inmate believes he or she has been subject to abuse, harassment, abridgment of civil rights, or denied privileges specified in the posted rules." [*Id.*] To file a grievance, an FCDC prisoner must draft "a written statement . . . sealed in an unstamped envelope, and addressed to the Jailer." [*Id.* (emphasis removed).] Upon review by the Jailer, "[i]f the grievance constitutes a prohibited act by a Deputy Jailer or staff member, a criminal act, or violation of the inmate's civil rights, the Jailer shall order a prompt investigation." [*Id.*] The Jailer shall respond to the inmate "in seven (10) [sic] days following the investigation of the grievance," and if

2

the inmate is unsatisfied with the Jailer's findings and actions, "the inmate shall be furnished paper, pencil, and an envelope" to write a letter of appeal to the Department of Corrections. [*Id*. at 2.]

In his deposition, Jeffries first claims that FCDC had "no grievance procedure." [DN 30 at 19.] However, he then states that "[FCDC] said if you have a grievance, something, write it down in [sic] a piece of paper and send it out the door." [*Id.*] Jeffries admits that he never submitted any written grievances regarding the lighting conditions in isolation at FCDC. [*Id*. at 42.] Both Defendants, via affidavit, similarly claim that Jeffries never filed any grievances or made any complaints about the round-the-clock lighting. [DN 29-3 at 1; DN 29-4 at 2.]

Defendants filed their motion for summary judgment on May 13, 2016. [DN 29.] At that time, Jeffries was still incarcerated, and Defendants state that their motion was not returned as undeliverable. [DN 33 at 1.] On August 2, the Court entered an order granting Jeffries sixty additional days to respond to Defendants' motion. [DN 31 at 3.] That Order, mailed to Jeffries at his last known address, was returned as undeliverable. [DN 32.] The Court had previously warned Jeffries that "his failure to notify the Clerk of Court of any address change . . . may result in a dismissal of this case." [DN 25 at 3 (emphasis removed).] Records from the Kentucky Online Offender Lookup submitted by Defendants show that Jeffries was released from incarceration on or about June 1, 2016. [DN 33-1 at 1.] Since his release, Jeffries has not notified the Court of his new address, even though he has

previously demonstrated his ability to do so. *See* [DN 7; DN 16; DN 17; DN 22.] Jeffries' sixty-day extension to file a response has now expired, and Defendants' motion for summary judgment is now ripe for adjudication.

## II. Standard of Review

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the parties moving for summary judgment, Defendants must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Jeffries' claim. Fed. R. Civ. P. 56(c); see *Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming

Defendants satisfy their burden of production, Jeffries "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### III. Discussion

Defendants advance two principal arguments in support of their motion for summary judgment. First, they claim that Jeffries' claims are barred by 42 U.S.C. § 1997e, the Prison Litigation Reform Act (PLRA). *See* [DN 29-1 at 5-9.] Second, they argue that on the facts of this case, Jeffries cannot establish that his Eighth Amendment rights were violated. *See* [*id.* at 9-18.] Because Jeffries failed to exhaust his administrative remedies, as he was required to do by 42 U.S.C. § 1997e(a), the Court need only address Defendants' first argument.

The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing any action "with respect to prison conditions" under 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). That exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). Exhaustion is mandatory and the remedies provided "need not meet federal standards, nor must they be 'plain, speedy, or effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Proper exhaustion demands compliance with

5

[the prison's] deadlines and other critical procedural rules," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), and so "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion," *Jones v. Bock*, 549 U.S. 199, 218 (2007); *accord Lee v. Wiley*, 789 F.3d 673, 677 (6th Cir. 2015).

Here, Defendants are entitled to summary judgment because they have shown, and Jeffries has not rebutted, that he failed to exhaust the administrative remedies available to him at FCDC. At the time Jeffries filed this suit, he was a "prisoner" as defined by the PLRA. *See* 42 U.S.C. § 1997e(h). Therefore, § 1997e(a) required Jeffries to exhaust his sole claim of an Eighth Amendment violation using FCDC's grievance procedures before bringing this suit. *See Richmond v. Settles*, 450 F. App'x 448, 456-57 (6th Cir. 2011) (prisoner's Eighth Amendment conditions of confinement claim could have properly been dismissed because he failed to exhaust administrative remedies). Of course, an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues. *See Ross v. Blake*, ___ U.S. ___, 136 S.Ct. 1850, 1858-62 (2016); *Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006); *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004). But here, FCDC had a written grievance policy in place that required Jeffries to notify the Jailer in writing of any grievances pertaining to an "abridgment of civil rights," the category into which Jeffries' Eighth Amendment claim surely falls. [DN 29-11 at 1.] Jeffries acknowledged in his deposition that he was aware of this policy, [DN 30 at 19], and that he never submitted a written grievance pursuant to that policy, [*id.* at 42]. Section 1997e(a) requires that, at the very least, inmates must give "the prison

6

grievance system . . . a fair opportunity to consider the grievance." *Richmond*, 450 F. App'x at 457 (quoting *Woodford*, 548 U.S. at 95). By declining to avail himself of the grievance policy of which he was aware, Jeffries failed to afford FCDC officials that opportunity.

### IV. Conclusion

As explained above, there is no genuine dispute of material fact that Jeffries did not exhaust all of his available administrative remedies as 42 U.S.C. § 1997e(a) requires. Therefore, the Court will dismiss Jeffries' claims without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("It is well established . . . that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice.") (citations omitted); *Brock-Butler v. Parker*, No. 5:14-CV-000210-TBR, 2016 WL 3676769, at *3-4 (W.D. Ky. July 6, 2016) (dismissing without prejudice inmate's excessive force claims for failure to exhaust administrative remedies). The Court also notes that Jeffries has not notified the Court of his current address, even though he has done so on multiple prior occasions, and appears uninterested in further prosecuting his case.

For the foregoing reasons, IT IS HEREBY ORDERED:

Defendants' motion for summary judgment [DN 29] is GRANTED. All claims against Defendants are DISMISSED WITHOUT PREJUDICE.

An appropriate order will follow.

CC: Counsel of Record
Plaintiff, *pro se*